

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 08 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff - Appellee,<br><br>v.<br><br>EDUARDO PADILLA,<br><br>        Defendant - Appellant. | No. 21-50070<br><br>D.C. No. 3:20-cr-02805-AJB-1<br>U.S. District Court for Southern California, San Diego<br><br>**MANDATE** |

The judgment of this Court, entered May 17, 2022, takes effect this date.

This constitutes the formal mandate of this Court issued pursuant to Rule 41(a) of the Federal Rules of Appellate Procedure.

FOR THE COURT:

MOLLY C. DWYER
CLERK OF COURT

By: Quy Le
Deputy Clerk
Ninth Circuit Rule 27-7

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 17 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-50070 |
| Plaintiff-Appellee, | D.C. No. 3:20-cr-02805-AJB-1 |
| v. | |
| EDUARDO PADILLA, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Anthony J. Battaglia, District Judge, Presiding

Submitted May 13, 2022**
Pasadena, California

Before: WATFORD and FRIEDLAND, Circuit Judges, and AMON,*** District Judge.

Eduardo Padilla challenges his convictions for importing methamphetamine under 21 U.S.C. §§ 952 and 960 and for conspiracy to launder money under 18

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Carol Bagley Amon, United States District Judge for the Eastern District of New York, sitting by designation.

U.S.C. § 1956. We affirm.

    1. The district court did not abuse its discretion in allowing expert testimony on drug courier modus operandi. Our court has explained that drug courier modus operandi evidence is admissible "when relevant, probative of a defendant's knowledge, and not unfairly prejudicial." *United States v. Sepulveda-Barraza*, 645 F.3d 1066, 1072 (9th Cir. 2011); *see also United States v. Valencia-Lopez*, 971 F.3d 891, 901 (9th Cir. 2020). At trial, Padilla raised a "blind mule" defense by denying knowledge of the methamphetamine found in his vehicle and by introducing evidence on cross-examination in support of that theory. Given this defense theory, expert testimony explaining the ways that Padilla's conduct conformed to the modus operandi of a typical drug courier transporting drugs from Mexico was relevant, probative of knowledge, and not unfairly prejudicial. *See Sepulveda-Barraza*, 645 F.3d at 1072.

    2. To the extent the district court erred in allowing brief testimony on drug organization structure, any such error was harmless. In light of the brevity of the testimony, the prosecution's decision not to reference it in closing argument, and the strength of the other evidence, it is not "more probable than not that" the brief foray into drug organization structure "materially affected the jurors' verdict." *United States v. Arambula-Ruiz*, 987 F.2d 599, 605 (9th Cir. 1993) (quoting *United States v. Bettencourt*, 614 F.2d 214, 218 (9th Cir. 1980)).

**3.** The district court did not abuse its discretion by allowing the prosecution to introduce evidence of Padilla's prior entries into the United States under Federal Rule of Evidence 404(b). The prosecution did not argue that the prior crossings themselves constituted a crime and instead relied upon the evidence for the non-propensity purpose of proving knowledge and preparation. Moreover, the district court provided a limiting instruction to the jury. Because the evidence was relevant to at least the non-propensity purpose of demonstrating Padilla's knowledge and preparation, the district court did not abuse its discretion in admitting the evidence of Padilla's prior entries into the United States. *See United States v. Verduzco*, 373 F.3d 1022, 1027 (9th Cir. 2004); *Evans v. United States*, 257 F.2d 121, 128 (9th Cir. 1958).

Even if Padilla preserved a separate objection to this evidence under Federal Rule of Evidence 403, the district court permissibly concluded that the probative value of the prior-crossing evidence outweighed any unfair prejudice. The district court was not required to make express Rule 403 findings in this circumstance, as the required balancing can be inferred from the record. *United States v. Johnson*, 820 F.2d 1065, 1069 (9th Cir. 1987). The government argued the issue in its motions in limine, and because there is nothing inherently inflammatory about the evidence, the district court did not abuse its discretion in declining to exclude the evidence under Rule 403.

**4.** The district court did not abuse its discretion by giving a deliberate ignorance instruction. A party is entitled to a particular jury instruction if it is "supported by law and has foundation in the evidence," viewed in the light most favorable to the party requesting the instruction. *United States v. Heredia*, 483 F.3d 913, 922 (9th Cir. 2007) (en banc) (quoting *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002)). Here, both criteria were met.

First, with respect to the legal basis for the instruction, our case law provides that if "the jury could rationally find willful blindness even though it has rejected the government's evidence of actual knowledge," the district court may give a deliberate ignorance instruction in addition to the actual knowledge instruction. *Id.* Second, with respect to the factual basis for the instruction, Padilla himself stated that he (1) purchased a car from known drug smugglers for a suspiciously low price, (2) told the smugglers that he would not protect them if any illegal conduct was discovered, (3) was asked numerous times to smuggle drugs, and (4) called the smugglers to offer to pick up money across the border the day prior to his arrest. On the basis of this evidence, the jury could rationally find willful blindness.

**AFFIRMED.**